**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**RICKY BERNARD JONES**                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:23-CV-70-JHM**

**CORRECT-CARE SOLUTIONS** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINON AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court for screening of the amended complaint (DN 10) pursuant to 28 U.S.C. § 1915A.  For the

reasons set forth below, the Court will dismiss some claims and allow Plaintiff the opportunity to

file an amended complaint.

**I.**

Plaintiff Ricky Bernard Jones was formerly incarcerated as a convicted prisoner at

Kentucky State Penitentiary (KSP).  He names the following Defendants in this action – Correct-

Care Solutions (CCS); Wellpath; Kentucky Department of Corrections Commissioner (KDOC)

Cookie Crews; KSP Warden Scott Jordan; former KSP Warden DeEdra Hart; APRN Karen

Ramey/Smith;[1] Kristi Ponzetti; Nurse Jill Shirell; KSP Correctional Officer John Buchanan; and

KSP Correctional Officer "Klack/Klatt."  Plaintiff sues the individual Defendants in both their

official and individual capacities.

Plaintiff makes the following allegations in the amended complaint:

On 5/8/2020, Jones was going through the entrance gate in front of the KSP Kitchen
in the morning to eat breakfast when an argument erupted between himself and
another inmate.  Jones heard footsteps of someone running from up behind him.
When Jones turned around to see who was running behind him he was heavily
sprayed with OC spray in his eyes, mouth, and body by [Defendant] Buchanan.

---

[1] Plaintiff identifies this Defendant as "Karen Ramey" in the caption of the complaint and as "Karen Smith" in the
"Defendants" section of the complaint.

Jones covered his face with his hands and arm because the OC spray immediately began taking his breath away, burning his skin and eyes terribly (Jones has only one eye). As Jones turned back around towards the inmate he had been arguing with, that inmate lifted his fist and struck Jones in his forehead. [Defendant] Buchanan, who OC sprayed Jones then began yelling break it up, stop fighting, only after spraying Jones first, after Jones had turned around and was sucker punched, however, there was no fight to break up to begin with until [Defendant] Buchanan first ran up behind Jones spraying him without warning at all and after the other inmate swung, hitting Jones in his forehead. Arguing is no infraction as Jones posed no security threat to nobody, the institution or staff. Jones was only arguing and taking up for himself.

C/O Craig Campbell began yanking Jones's state coat on the left sleeve, [Defendant] Buchanan was yanking Jones's right sleeve at the same time. [Defendant] Buchanan hip-tossed Jones and he fell backwards onto his upper back shoulder blade as he fell backwards onto the ground at the bottom of a stairwell made of metal and concrete and Jones heard and felt his shoulder cracking. The OC spray burned Jones's skin & eyes for over three days. Staff poured water over Jones while he was still clothed for decontamination before taking him into the segregation unit with no medical treatment given or provided otherwise during his intake into 3 Cell House Segregation Unit.

RN Jill Shirel falsified medical documentation by stating she checked Jones's vital signs and no complaints of injury were made because Jones never once seen her at all, neither do he know who she is. To no avail, Jones began complaining about his shoulder injury to [Defendant] Klack/Klatt that day before [his] shift was completed. Jones was not taken out for surgery for his shoulder until 12/06/22, his shoulder was nearly broken in two.

Plaintiff claims that these allegations show that his rights were violated under the First, Eighth, and Fourteenth Amendments as well as under various provisions of the Kentucky Constitution.

He continues:

[Defendants] DeEdra Hart, Scott Jordan, Cookie Crews, Correct-Care, Wellpath, Kristi Ponzetti, Karen Smith delayed medical treatment and Jones suffered unnecessary, serious pain, injury, obduracy, and wantonness from untrained staff at KSP and excessive force was used where Jones was not being combative, nor was he a threat to no one. [] Defendants Cookie Crews, DeEdra Hart, and Scott Jordan subjected and caused Jones to suffer serious deprivations of unconstitutional practices which occurred pertaining to the excessive use of force policies and customs of CPP 9.1, 4.3, 4.7, 9.22 and 13.2 and they allowed the continuance of those policies and customs to persist when [Defendant] Buchanan unlawfully used such unwarranted excessive use of force. They were grossly negligent in supervising their subordinates who committed wrongful acts by exhibiting

2

deliberate indifference to Jones's rights and they failed to act on information that unconstitutional acts were occurring at KSP on a regular basis regarding the excessive use of force because supervisor officials were clearly aware of widespread abuses at KSP.

KSP Correctional Officer staff were not trained appropriately of how to intervene arguments or potential altercations without unwarranted application of force using OC spray when no fight or violence had first occurred. [Defendant] Buchanan's action of OC spraying Jones without gave the other inmate the means of an upper hand to physical assault Jones by spraying Jones without warning in a non-violent argument. There were no records kept indicating how much [Defendant] Buchanan's OC spray can weighed when it was issued to him opposed to how much it weighted when he turned it back in after heavily applying the OC spray, more likely than not emptying it because it was a huge bear spray cannister.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

### A.  42 U.S.C. § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### 1. First and Fourteenth Amendments

Based on the allegations in the complaint, Plaintiff asserts that Defendants violated his rights under the First and Fourteenth Amendments of the United States Constitution.  The Court construes the complaint as asserting claims for excessive force and for deliberate indifference to

Plaintiff's serious medical needs.  Because Plaintiff is a convicted prisoner, it is the Eighth

Amendment that governs these claims.  *See Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir.

2015) (holding that when convicted prisoners bring claims of excessive force the Eighth

Amendment applies); *Howell v. NaphCare, Inc.*, 67 F.4th 302, 310 (6th Cir. 2023) (holding that

convicted prisoners are protected from deliberate indifference to their serious medical needs by

the Eighth Amendment) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)).  Thus, the

Court will dismiss Plaintiff's First and Fourteenth Amendment claims for failure to state a claim

upon which relief may be granted.

### 2. Eighth Amendment

### a. Excessive Force

Plaintiff alleges that on May 8, 2020, he was in a verbal disagreement with another inmate

when Defendant Buchanan used excessive force against him by spraying OC spray in his mouth

and eyes and on his body.  Plaintiff states the other inmate then punched him which led Defendant

Buchanan to try to break up the fight.  Plaintiff states that Defendant Buchanan eventually "hip

tossed" him which caused him to fall "backwards onto his upper back shoulder blade as he fell

backwards onto the ground at the bottom of a stairwell made of metal and concrete and [he] heard

and felt his shoulder cracking."

Plaintiff alleges that KDOC Commissioner Crews, former KSP Warden Hart, and current

KSP Warden Jordan:

> caused [Plaintiff] to suffer serious deprivations of unconstitutional practices which
> occurred pertaining to the excessive use of force policies and customs of CPP 9.1,
> 4.3, 4.7, 9.22 and 13.2 and they allowed the continuance of those policies and
> customs to persist when [Defendant] Buchanan unlawfully used such unwarranted
> excessive use of force.  They . . . exhibit[ed] deliberate indifference to Jones's rights
> and they failed to act on information that unconstitutional acts were occurring at
> KSP on a regular basis regarding the excessive use of force because supervisor
> officials were clearly aware of widespread abuses at KSP. . . .  KSP Correctional

Officer staff were not trained appropriately of how to intervene arguments or potential altercations without unwarranted application of force using OC spray when no fight or violence had first occurred.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)).[2] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's excessive-force claims because the claims "would be untimely either way." *Id.* at 1162.

The Court finds that the same is true of Plaintiff's Eighth Amendment excessive-force claim. Plaintiff alleges that Defendant Buchanan used OC spray on him and caused him to suffer a shoulder injury on May 8, 2020. Plaintiff obviously knew these actions occurred on that date and, therefore, he had complete cause of action on that date. Plaintiff then had until May 8, 2021, at the latest, to bring this claim against Defendant Buchanan. *See Hodge v. City of Elyria*, 126 F. App'x 222, 224  (6th Cir. 2005) (holding that "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly

---

[2] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

excessive force is used").  Plaintiff did not bring this action until May 2023, approximately two year after the statute of limitations expired for these claims.  Thus, Plaintiff's excessive-force claim against Defendant Buchanan must be dismissed.

As to Plaintiff's claims against Defendants Crews, Hart, and Jordan regarding Defendant Buchanan's alleged use of excessive force, these claims fail because they necessarily had to occur on or before the May 8, 2020, date of the excessive-force incident to have been the cause of the incident.  Moreover, Plaintiff does not assert that these claims accrued at a later date.  *See*, *e.g.*, *Adeniji v. New York City Police Dep't*, 21-CV-0664 (LLS), 2023 U.S. Dist. LEXIS 22168, at *13-14 (S.D.N.Y. Feb. 7, 2023) (dismissing claims based upon a municipality's policies, customs, procedures, and failure to train as time-barred because they had to be "necessarily contemporaneous" with the underlying and time-barred excessive-force and false-arrest claims and the plaintiff did not plead that these claims accrued at a later date); *Courson v. Reno v. Cnty. Bd of Comm'rs*, No. 21-3270-SAC2021, 2021 U.S. Dist. LEXIS 229593, at *6 (D. Kan. Dec. 1, 2021) (dismissing failure-to-train claim based upon underlying excessive-force claim as time-barred since excessive-force claim was time-barred); *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 887 (E.D. Mich. July 31, 2013) (dismissing claims for supervisory liability as time-barred "to the same extent" the underlying constitutional tort is time-barred).

Thus, the Court concludes that Plaintiff's claims against Defendants Buchanan, Crews, Hart, and Jordan related to the alleged excessive-force incident are barred by the applicable statute of limitations and must be dismissed for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

7

### b. Deliberate Indifference to a Serious Medical Need

### i. Defendant "Klack/Klatt"

Plaintiff alleges that he reported his injuries to Defendant "Klack/Klatt" on May 8, 2020, the date of the excessive force incident, but that Defendant "Klack/Klatt" took no action. Because Plaintiff was aware of this claim on the date it occurred, it is likewise barred by the statute of limitations and must be dismissed for failure to state a claim upon which relief may be granted.

### ii. Defendants Hart, Jordan, Crews, CCS, Wellpath, Ponzetti, and Ramey/Smith

Plaintiff alleges that these Defendants' delay of medical treatment caused him to suffer "unnecessary, serious pain, injury . . . ." As stated above, Plaintiff alleges that he was injured on May 8, 2020, and that he "was not taken out for surgery for his shoulder until 12/06/22, his shoulder was nearly broken in two."

Even though a *pro se* complaint must be liberally construed, it must adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a *pro se* "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiff's Eighth Amendment medical-care claims against these Defendants are too conclusory to state a claim upon which relief may be granted. However, <u>before dismissing Plaintiff's claims for deliberate indifference to a serious medical need against these Defendants, , the Court will allow Plaintiff to file an amended complaint in which he makes specific allegations against each of these Defendants.</u> *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)

("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### 3. Falsification of Medical Records

Plaintiff's allegation that Defendant Nurse Shirel falsified his medical records does not state a claim of constitutional dimensions. *See, e.g., McDougald v. Eaches*, No. 1:16-cv-900, 2016 U.S. Dist. LEXIS 165362, at *6 (S.D. Ohio Sept. 16, 2016), *adopted*, 2016 U.S. Dist. LEXIS 165361 (S.D. Ohio Nov. 30, 2016) (collecting cases) ("The mere filing of an incomplete or false medical report does not state a claim of federal constitutional dimension.").

Thus, the Court will dismiss Plaintiff's claim against Defendant Shirel for failure to state a claim upon which relief may be granted.

### B. Kentucky Constitutional Claims

Finally, Plaintiff asserts that his allegations show that Defendants violated his rights under the Kentucky Constitution.   Kentucky law, however, is clear that the Commonwealth's Constitution provides no direct private right of action for damages based on violations of state constitutional law.  *See Shepherd v. Univ. of Ky.*, No. 5:16-005-KKC, 2016 U.S. Dist. LEXIS 98433, at *4 (E.D. Ky. July 28, 2016) ("Kentucky does not recognize a private right of action for alleged violations of the state constitution."); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 537 (Ky. 2011) (declining to recognize a new cause of action for money damages based on state constitutional violations).  Nor may § 1983 be used as a statutory vehicle to vindicate state constitutional claims.  *See Tallman v. Elizabeth Police Dep't*, 344  F. Supp. 2d 992, 997 (W.D. Ky. 2004).  Thus, Plaintiff's claims under the Kentucky Constitution must also be dismissed for failure to state a claim under which relief may be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Court **DISMISSES** Plaintiff's First and Fourteenth Amendment claims; all Eighth Amendment claims against Defendants Buchanan, Crews, Hart, and Jordan related to Plaintiff's excessive-force incident; Plaintiff's Eighth Amendment denial-of-medical-care claim against Defendant "Klack/Klatt;" Plaintiff's claim against Defendant Shirel for falsifying his medical records; and Plaintiff's claims under the Kentucky Constitution pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.**

2. Within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file a second amended complaint in which he makes **specific allegations** against **Defendants Hart, Jordan, Crews, CCS, Wellpath, Ponzetti, and Ramey/Smith regarding the alleged delay of medical treatment for the shoulder injury he incurred on May 8, 2020. Plaintiff must specify what action each of these Defendants took or failed to take to delay medical treatment for this injury.**

3. If Plaintiff timely files a second amended complaint, the Court will conduct an initial review of it pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to timely file such a amended complaint, the Court will **DISMISS** this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

4. The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 prisoner complaint form with the words "Second Amended Complaint" and this case number written in the caption for Plaintiff's use if he decides to further amend the complaint.

5. Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants John Buchanan, Jill Shirel, and "Klack/Klatt" as parties to this action**.

Date: September 25, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011